# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| STATES OF TENNESSEE, ARKANSAS, ALABAMA, FLORIDA, GEORGIA, IDAHO, INDIANA, IOWA, KANSAS, MISSOURI, NEBRASKA, NORTH DAKOTA, OKLAHOMA, SOUTH CAROLINA, SOUTH DAKOTA, UTAH, and WEST VIRGINIA,<br><br>*Plaintiff-Appellants*,<br><br>*v.*<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>*Defendant-Appellee.* | No. 24-2249 |

### DEFENDANT-APPELLEE'S OPPOSITION TO PLAINTIFF-APPELLANTS' EMERGENCY MOTION FOR ADMINISTRATIVE STAY OF AGENCY ACTION PENDING RULING ON MOTION FOR INJUNCTION PENDING APPEAL

In this appeal, plaintiff-appellants challenge certain aspects of the Equal Employment Opportunity Commission's recent regulation implementing the Pregnant Workers Fairness Act, which took effect on June 18, 2024. For the reasons set forth below, this Court should deny plaintiffs' request for an "administrative stay" and allow the government the ten days provided for in the Federal Rules of Appellate

Procedure, to and including July 5, 2024, to respond to plaintiffs' motion for injunction pending appeal.

## STATEMENT

Plaintiffs, a group of seventeen states, filed suit nearly two months ago, on April 25, 2024, followed by a motion seeking injunctive relief on May 3. The district court received briefing on plaintiffs' request for injunctive relief and held a hearing on the motion.

The district court subsequently denied plaintiffs' motion for a preliminary injunction or stay and dismissed plaintiffs' complaint on June 14. In a detailed ruling, the district court rejected plaintiffs' motion on the ground that plaintiffs lacked standing to bring their challenge. As the district court explained, "for standing purposes, [the alleged] imminent enforcement action is too speculative," since a highly attenuated sequence of events must occur for plaintiffs to face a credible threat of enforcement or any of the sovereign harms alleged. *See* Op. 7-9. The district court explained that plaintiffs' alleged economic harms are likewise insufficient to establish standing. *See* Op. 13-15.

On June 18, plaintiffs filed a motion for injunction pending appeal in district court. The government filed its opposition to plaintiffs' motion on June 21. The district court denied the motion later that day.

Earlier today, plaintiffs filed an emergency motion for an "administrative stay of agency action" pending this Court's ruling on plaintiffs' concurrently filed motion for injunction pending appeal. For the reasons set forth below, this Court should deny plaintiffs' request for an "administrative stay of agency action" and allow the government the ten days permitted under the Federal Rules of Appellate Procedure to file its opposition to plaintiffs' motion for injunction pending appeal.

**ARGUMENT**

1. This Court should deny plaintiffs' request for a "temporary administrative stay," which is both improper and unwarranted. Plaintiffs offer no basis or authority for this Court entering a "temporary administrative stay of agency action" while plaintiffs' motion for injunction pending appeal is pending. In the ordinary course, an administrative stay "freeze[s] legal proceedings until the court can rule on a party's request for expedited relief." *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring in denial of

3

applications to vacate stay).  Freezing the legal proceedings here would leave the rule in effect.  What plaintiffs seek is not an "administrative stay" of a lower court judgment but immediate injunctive relief suspending operation of portions of a regulation that has taken effect and that the district court properly declined to enjoin.  Plaintiffs cite no authority for this Court to enter such extraordinary and unprecedented relief in the guise of a "temporary administrative stay" before the parties have briefed the appeal or motion for injunction pending appeal.

Such extraordinary relief is particularly unwarranted here, where plaintiffs have not established any harm—let alone immediate, irreparable harm—from the challenged aspects of the regulation, despite the fact that the rule has been in effect since June 18.  Plaintiffs have shown no harm suffered from complying with the rule that would warrant an "administrative stay" while plaintiffs' motion for injunction pending appeal is briefed in the ordinary course.

It is unsurprising that plaintiffs have not been able to show any cognizable harm from the challenged aspects of the regulation going into effect—the lack of any adequate showing of harm is precisely why the district court concluded plaintiffs lack standing and dismissed their

4

complaint. As the government explained in its brief in district court, plaintiffs have not identified any compliance obligations specific to the challenged accommodation requirements that are distinct from plaintiffs' compliance obligations associated with the unchallenged aspects of the rule. *See* Dkt. No. 34 at 15. Nor are any of plaintiffs' other alleged harms, such as plaintiffs' generalized harms to their "sovereign interest in protecting against unlawful federal mandates," the kinds of allegations that justify a "temporary administrative stay" or injunction pending appeal. Mot. 6-7.

In short, as the government will explain further in its opposition to plaintiffs' motion for injunction pending appeal, neither an "administrative stay" nor injunctive relief is warranted here, because plaintiffs have not shown that they have standing to challenge the regulation, and because the regulation is consistent with the statute.

2. In addition, this Court should permit the government the time allotted under Federal Rule of Appellate Procedure 27(a)(3)(A), to and including July 5, 2024, to respond to plaintiffs' motion for relief. Plaintiffs have made no showing of irreparable harm and provided no

5

basis for shortening the time provided in the rules for the government to respond to plaintiffs' motion for emergency relief.

## CONCLUSION

The Court should deny plaintiffs' motion for an administrative stay of agency action and permit the government until July 5, 2024, to file its opposition to plaintiffs' motion for injunction pending appeal.

Respectfully submitted,

MICHAEL S. RAAB
STEPHANIE MARCUS
KELSEY FRASER

*/s/ Urja Mittal*
URJA MITTAL
*Attorneys*
*Civil Division, Appellate Staff*
*U.S. Department of Justice*
*950 Pennsylvania Ave. NW, Rm. 7248*
*Washington, DC 20530*
*(202) 353-4895*

JUNE 2024

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E), because it was prepared with Century Schoolbook 14-point, a proportionally spaced font with serifs, and the motion complies with Federal Rule of Appellate Procedure 27(d)(2), because it contains 845 words, according to the word count of Microsoft Word.

*/s/ Urja Mittal*
URJA MITTAL
